RICHARD C. BRISTOL, Plaintiff in Error, *v.* THE CITY OF CHICAGO, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

The collector for the city of Chicago is required to state in his report, asking for a judgment against delinquent lots, etc., the amount of taxes and assessments which remain unpaid, after the first Tuesday of January, but not the particular object for which the assessment was levied, nor the value of the property upon which it has been levied.

The collector's report is *prima facie* evidence of the amount due, if the owner of the land is in default, and upon this, judgment may be rendered. The report does not prejudice any party, by any statement in it, beyond what the law requires shall be stated. Nothing beyond is evidence.

A party may appear and rebut a presumption, arising from the report of the collector.

No piece of property can be assessed exceeding three per cent., in one year, for any improvement specified in the first section of the charter ; and if it is shown that a greater sum has been levied, judgment should be refused.

Ten per cent. may be collected in addition to the assessment and costs.

THIS was a proceeding to levy a special assessment.

The collector reported to a special term of the Common Pleas, that the warrant for the collection of this assessment was issued as required by law, and delivered to him on or before the 2nd Tuesday of October, 1858.

That he forthwith published a notice in the corporation newspaper, that such warrant was in his hands for collection, describing the nature of the warrant, and requesting all persons forthwith to make payment, and that in default, the assessment would be collected at the cost and expense of plaintiff in error. That said notice was published for thirty days.

That he had given ten days' notice of his intended application to the court for a judgment against the plaintiff's lot, for the amount, interest and costs due, in which he briefly set forth the nature of said warrant, and in which he requested all persons therein interested to attend at said term.

The following is the assessment roll annexed to the warrant, viz. :

"ORIGINAL TOWN OF CHICAGO.

| Names of Owners. | Description of Lot. | Lot. | Bl'k. | Valua'n. | Assess'nt. | |
|---|---|---|---|---|---|---|
| Garrett Institute, | | 4 | 31 | 70,000 | 2294 22 | Paid. |
| George Smith, | N. ½ | 5 | " | 50,000 | 1617 16 | Paid. |
| J. B. Busch, | S. 20 fr. | " | " | 10,000 | 389 09 | Paid. |
| C. McDonnell, | 70 fr. N. & adj. S. 20 fr. Wharfing Lots, | " | " | 40,000 | 1210 64 | |
| R. C. Bristol, | | 28 | | 75,000 | 2342 07 | |
| | | 29 | | | | |
| S. Lind, | | 30 | | 70,000 | 2148 82 | Paid. |
| | | 31 | | | | |

Total, $10,000 00

On 28th January, 1859, at a special term called for this purpose, the court rendered a judgment against said wharfing lot, 28, for said sum of $2,342.07, and ten per cent. thereof in addition thereto, making in all the sum of $2,576.27, and made an order for the sale of said lot for the payment of the amount of said judgment.

The plaintiff assigns the following errors :

1st. The Common Council had no power, jurisdiction or authority, to assess any greater sum than three per cent. upon the value of the real estate of plaintiff, in any one year, for any improvement in said city.

2nd. The court below rendered a judgment against wharf lot 28, original town, now city of Chicago, for a greater sum than three per cent. per annum of value for grading, filling, building area wall, and paving Market street in said city, and ordered said premises to be sold to pay the same.

3rd. The court rendered a judgment for ten per cent. over and above the amount assessed by the Common Council on said lot, and made an order to sell said premises for the payment of the same.

Scates, McAllister & Jewett, for Plaintiff in Error.

E. Anthony, for Defendant in Error.

Caton, C. J. This was a judgment rendered upon the application of the collector, under section forty of the amendment to the city charter, passed in 1857, and which is quoted at length in the case of *Pease* v. *City of Chicago*, 21 Ill. R. 500. By reference to that section, it will be observed, that in case a tax or assessment from any cause, is not paid on or before the first Tuesday of January, " it shall be the duty of the collector to prepare and make report thereof to some court of general jurisdiction, to be held in Chicago, at any vacation, special or general term thereof,

for judgment against the lands, etc., for the amount of taxes, assessments, interest and costs, respectively due thereon." The first inquiry is, what is the collector required to state in his report to the court, upon which he is to ask for judgment. It is simply the amount of taxes and assessments which remain due and unpaid, after the first Tuesday of January, upon the lands and lots against which he asks judgment. He is not required to state for what particular object the assessment was levied, nor the valuation of the property upon which the assessment was made. By the forty-third section of the same act, which is also quoted at length in the case above referred to, it is provided that " if no defense be made, the said court shall pronounce judgment against the said several lots, lands, pieces or parcels of land, as described in said collector's report." This law clearly makes the collector's report, *prima facie* evidence of the amount due, in case of default by the owner of the land, and upon that report alone, the court is required to render the judgment. And the only serious question in this case, is whether either the city or the owner shall be prejudiced by any statement which the collector may choose to make in his report, above and beyond that which he is required by the law to insert. We are of opinion that this report is an official document, so far as the law makes it the duty of the court to act upon it, and so far as the statements are concerned, which the law requires him to insert in the report, and no farther. All that he states beyond that, is extra official, and cannot be taken as evidence of the truth of such statements. He may be considered as the agent of the city, for the purpose of making such statements as the law requires him to make, but more properly speaking, he is the agent of the law, to inform the court of certain facts, and upon which the court shall act, unless the owner of the land shall appear and show in his defense, some matter destroying the presumption arising from the collector's report, and in that event, the law declares that judgment shall be rendered for the amount which he states is due and unpaid. In his report in this case, the collector states that he attaches, as a part thereof, the warrant by which he was ordered to collect the tax, and uses it as a schedule, to show the description of the land and the amount of the taxes, assessments, interest and costs, due upon the land. The language of his report is this : " That the annexed schedule is a correct list of the lands, lots and parcels of lands, together with the amounts of the taxes and assessments, interest and costs respectively due thereon, as set forth in the said warrant, which remains unpaid and uncollected." Here then, the collector vouches no fact which the law did not require him to state in his report. Although the paper attached and referred to in this report, and

which, so far as a description of the land and the amount of the assessment is concerned, is made a part of the report, whatever statement it contains beyond these facts, the collector does not certify to, and if he did, such certificate would be extra official, and the court could not act upon or take any notice of it. The court below could not, and this court cannot receive from the collector any statement as official, or assume it to be true, which the law did not require him to make in his report, on which his application was founded. There was not then before the court below, and there is nothing before this court, legitimately showing, what was the valuation of the property upon which the assessment was levied, so that it cannot be seen, whether the amount of the assessment exceeded three per cent. on the valuation of the property or not. Had the owner of the property appeared and made defense, and shown that the amount of the assessment exceeded three per cent. on the valuation of the property, we should not hesitate to hold such assessment to be in direct hostility to the proviso to the second section of the seventh chapter of the city charter, which is in these words: " Provided, such assessments shall not exceed three per cent. per annum on the property assessed." The counsel for the city insists, that the gross assessment on the aggregate value of all the property assessed, shall not exceed three per cent. That if a part of the property is benefited but one per cent., the assessment may be five per cent. on other property, which may be benefited to that amount, by the improvement. This we do not think a fair construction of the statute. It was manifestly the intention of the legislature, to limit the power of the Common Council, so that no piece of property, should be burthened more than three per cent. in any one year, by an assessment for any improvement specified in the first section of that act. And when that is legitimately shown to have been done, in a defense properly interposed, it becomes the duty of the court to refuse to render a judgment for the assessment.

The next objection to be considered is, that the court rendered a judgment for ten per cent. upon the assessment, in addition to the amount of the assessment and ordinary costs. This depends upon the fifty-second section of the act of 1857. That provides : " But in all cases where said assessments are not paid on or before the day of filing the collector's report in any court of general jurisdiction, ten per cent. shall be collected as additional costs, and be added to and collected with the other assessments and expenses, authorized to be collected on the property assessed, and for this purpose, the collector shall add to his said report, in a separate column, the amount of such additional costs." It is first objected, that the legislature had

no authority to authorize a judgment to be rendered for the additional amount of ten per cent. It is immaterial whether we call it costs, damages, interest or penalty, it is all the same thing, and is the imposition of a burthen, in consideration of the delay, inconvenience and expense, arising to the city, consequent upon the neglect of the person, whose duty it was to pay the assessment. It is objected that the legislature had no authority to impose this additional burthen upon the tax payer. We cannot appreciate the force of this objection. It is a power constantly exercised by legislative bodies, and hitherto without question. In the exercise of the same power, the legislature has authorized this court to give judgment for damages, at a certain per cent., on the amount of the judgment, in cases of appeal taken for delay, and so where a penalty is imposed for delay, in paying school notes after they are due.

The statute, it is true, does not in express terms say, that this ten per cent. shall be included in the judgment, but merely says that ten per cent. shall be collected as additional costs, in case the assessment is not paid before the collector's report is filed, and for the purpose of convenience, the collector was directed to extend the amount of the ten per cent. additional costs, in a separate column, in his report to the court. The legislature either intended that this ten per cent. should be included in the judgment, or that the law itself should operate to add that amount to the judgment, which the collector was required to collect. To say the least of it, we think there was no error in including, in express terms, this ten per cent. in the judgment. At most it was but expressing, what by force of the law was necessarily implied, if it was not absolutely necessary to have included it expressly in the judgment. We think it safer, at least, to express it in the judgment. Nor was it fatal to the validity of the judgment, that the collector neglected to follow the directions of the statute, in making up his report, by extending the ten per cent. in a separate column. The amount of it was a mere matter of computation, and the extension in a separate column, was a mere matter of convenience, and directory.

The judgment must be affirmed.

*Judgment affirmed.*